Robert S. Reder (024117)
BLYTHE GRACE PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 663-8838
Facsimile: (480) 429-3679
Email: robert@blythegrace.com

Lonnie J. Williams, Jr. (05966)
Carrie M. Francis (020453)
Stefan M. Palys (024752)
STINSON LEONARD STREET LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Telephone: (602) 279-1600
Facsimile: (602) 240-6925
Email: lonnie.williams@stinson.com
Email: carrie.francis@stinson.com
Email: stefan.palys@stinson.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| EMPP, Inc., an Arizona corporation, | No. CV-14-00946-PHX-JJT |
| Plaintiff, | **JOINT STATEMENT RE DISCOVERY DISPUTE** |
| v. | |
| RoundPoint Mortgage Servicing Corporation, a Florida corporation, | |
| Defendant. | |

Plaintiff EMPP, Inc. ("EMPP") and Defendant RoundPoint Mortgage Servicing Corporation ("RoundPoint") submit to the Court the following joint statement of a discovery dispute regarding the deposition of Robert S. Reder, EMPP's in-house and trial counsel, noticed and scheduled for September 24, 2015 [Dkt. 104].

**EMPP's Position**

Other than a general claim that Mr. Reder has relevant, non-privileged information, RoundPoint has provided no good reason for Mr. Reder's deposition. The law protects in-house and opposing counsel from depositions by shifting the burden to

the party requesting the deposition to articulate a good reason for the deposition. *Shelton v. American Motors Corp.*, 805 F.3d 1323 (8th Cir. 1986). *Shelton* examined when, and under what circumstances, opposing counsel can be deposed. While counsel is not absolutely immune from being deposed, *Shelton* sets forth a three-prong test establishing the circumstances where an in-house lawyer or opposing counsel may be deposed. **Such a deposition can only occur when: "the party seeking to take the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case."** *Id.* **at 1327 (emphasis added).**

Thus, despite liberal discovery rules, *Shelton* shifts the burden to a party seeking discovery from an in-house or opposing attorney to show that the elements above are met. *Shelton*, 805 F.3d. at 1327. Absent that showing, the Court should block the deposition. *Id.*[1] RoundPoint has failed to comply with *Shelton*. The majority of the information in Mr. Reder's possession is subject to the attorney-client privilege or the work product protection. Moreover, RoundPoint could have obtained any relevant, non-privileged information in Mr. Reder's possession from Mr. Clifford P. Bendau, EMPP's President, Mr. Serge van Neck, EMPP's Vice-President and Chief Technology Officer (who were both deposed on February 24 and 25, 2015) or non-party WNC's employees whom RoundPoint disclosed as trial witnesses, but elected not to depose. A deposition of Mr. Reder is an inappropriate mechanism for RoundPoint to discover information that they could have easily obtained from Bendau, van Neck, or WNC's employees.

---

[1] Ninth Circuit courts have cited *Shelton* with approval. *See, e.g.*, *Bybee Farms LLC v. Snake River Sugar Co.*, 2008 WL 820186 at *6 (E.D. Wash. 2008) (applying *Shelton* and holding that *Shelton* applies to both in-house counsel and opposing counsel); *Willer v. Las Vegas Valley Water Dist.*, 176 F.3d 486 at *2 (9th Cir. 1999) (finding that the district court properly issued a protective order precluding plaintiff from deposing defendant's general counsel because plaintiff failed to comply with *Shelton*); *Massachusetts Mut. Life Ins. Co. v. Cerf.*, 177 F.R.D. 472, 478-9 (N.D. Cal. 1998) (citing *Shelton* with approval).

**RoundPoint's Position**

Mr. Reder is more than just in-house counsel for EMPP. He is also, and has been at all relevant times, its Chief Operations Officer and a 9% owner in EMPP. As EMPP's CEO, Clifford Bendau, specifically stated, Mr. Reder is "the operating officer who runs the office from the standpoint of the employees, the relationship with outside parties that we deal with, and with the legal counsel."

RoundPoint and EMPP communicated, for most of their business relationship, through a product/service broker called WNC. Reder drafted dozens of e-mails to WNC prior to litigation; he identified, in many of those e-mails, that he had had conversations with various WNC employees about EMPP's business relationship with RoundPoint. RoundPoint seeks Mr. Reder's firsthand knowledge about the contents of e-mails and conversations he had with WNC, all of which are directly relevant to RoundPoint's defense of charges that it breached the contract at issue. Mr. Reder also personally tried to negotiate an extension to the original term of the contract with RoundPoint, and engaged, again, in e-mail and oral discussions about that topic with WNC. Those negotiations are key to RoundPoint's defense of claims that it breached the contract because it had agreed in principal to an extension, but never had the chance to implement an extension because EMPP filed this action after RoundPoint inquired as to whether EMPP had vetted its product to ensure that if conformed to new disclosure requirements required by the Consumer Financial Protection Bureau.

Reder, rather than other EMPP executives, also engaged in telephonic negotiations with a third-party vendor regarding the amount of commission that vendor would take from the enrollment fee charged by EMPP for RoundPoint's customers who enroll in the EMPP plan. Clifford Bendau stated that Mr. Reder handled EMPP's negotiations with that company, IMAC. The entire issue is relevant to EMPP's alleged damages claim. The parties, through Mr. Reder on behalf of EMPP, entered into contract modification and alteration negotiations, and there are e-mails from, Mr. Reder directly on point, some of which include admissions that RoundPoint believes are highly

3

relevant to its defenses, including failure to mitigate damages and EMPP's repudiation of the contract. In all of these communications, Mr. Reder has highly relevant personal knowledge that cannot be gleaned from other witnesses, because he wrote correspondence and participated in conversations. Undersigned counsel has identified all of these areas of inquiry to Mr. Reder previously. None of these materials touch upon or seek privileged information.

In addition, RoundPoint believes that there have been some recent significant operational developments and changes at EMPP since it took depositions of EMPP's other officers, and that Mr. Reder, as COO, has direct and personal knowledge of those changes that cannot obtain from other witnesses because the changes have been recent and EMPP already has deposed those other officers.

As to Mr. Reder's claim that he is trial counsel, the Court should note that three lawyers from Stinson Leonard Street, led by Lonnie Williams, Esq. just made their appearance on September 18, 2015 [Doc. 107] and Mr. Reder has informed undersigned counsel repeatedly that Mr. Williams and his team will be trial counsel if this matter proceeds to trial.

Mr. Reder made himself a pertinent fact witness here, long before he drafted this lawsuit. As the Supreme Court of Arizona recognized in *Cottonwood Estates, Inc. v. Paradise Builders,* Inc., 128 Ariz. 99, 105-106, 624 P.2d 296 302-303 (1981), when it required a lawyer who was an officer of a corporation to testify about his fact knowledge gained as an officer, while applying similar standards to those set out in *Shelton*,

> As an aside, we also note [counsel, who was also an officer of the corporation] placed himself in the position of being both an officer and attorney for the corporation. We are aware that this practice is not uncommon among lawyers but this case demonstrates that such action is fraught with danger. A lawyer owes his client a duty of loyalty and the duty to exercise independent professional judgment. A lawyer representing a corporation has a duty of loyalty to the corporate entity which may or may not be coexistent with any duty owed the board of directors or officers. Here, the lawyer is being called into court to answer for his acts as an officer where his corporate ministerial duties conflicted with his professional duty to exercise independent judgment on behalf of his client.

4

Mr. Reder, respectfully, knew or should have known that he might be a fact witness with regard to his personal and direct interaction with WNC and RoundPoint before he accepted the representation in this matter. If he did not know then, then he certainly knew from RoundPoint's Initial Rule 26 Disclosure Statement, exchanged over a year ago on September 12, 2014, where RoundPoint listed him as a person likely to have discoverable information. Mr. Reder should not be permitted to trump his role as a fact witness here just because he also is in-house counsel, particularly where EMPP has retained trial counsel and Mr. Reder has known or should have known from the start that he was a witness.

## Local Rule 7.2(j) Certification

EMPP and RoundPoint, through undersigned counsel, have attempted to resolve this dispute through personal consultation and sincere effort as required by LRCiv 7.2(j) and have reached an impasse.

EMPP, Inc.

s/*Robert S. Reder*
Robert S. Reder
Attorney for EMPP


RoundPoint Mortgage Servicing Corporation

s/*Daniel P. Crane (with permission)*
Daniel P. Crane
Attorney for RoundPoint

DATED this 22nd day of September 2015.

                            BLYTHE GRACE PLLC

                            s/*Robert S. Reder*
                            Robert S. Reder
                            6350 East Thomas Road, Suite 330
                            Scottsdale, Arizona  85251
                            Attorney for EMPP, Inc.

**Certificate of Service**

I certify that on this 22nd day of September 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Lonnie J. Williams, Jr.
Carrie M. Francis
Stefan M. Palys
STINSON LEONARD STREET LLP
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Email: lonnie.williams@stinson.com
Email: carrie.francis@stinson.com
Email: stefan.palys@stinson.com
Attorneys for Plaintiff

Robert W. Shely
Daniel P. Crane
BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Email: rwshely@bryancave.com
Email: dan.crane@bryancave.com
Attorneys for Defendant

s/*Patti A. Jennings*